### HULL v. SPRATT *et al.*, appellants.

*Judgment — priority of liens — action for specific performance — Lis pendens.*

S. agreed to convey to V. certain real estate, but failing to perform, V. commenced
an action against S. for specific performance, filing a *lis pendens* against the
real estate, April 29, 1871. Judgment was entered in favor of V. for $1,350,
which judgment was declared a lien upon surplus moneys after a foreclosure
sale under a mortgage upon the property. B. recovered a judgment against S.
which was docketed May, 1871. *Held,* that the lien of the judgment of V.
upon the surplus moneys was prior to that of B.

APPEAL by defendant James W. Bowne from an order affirming
the report of a referee.

The action was brought by Hannah Jane Hull to foreclose a
mortgage upon certain real estate in which the defendant, James
K. Spratt, had an equity of redemption. The defendants, James.
W. Bowne and Vernon K. Stevenson, were judgment creditors of
Spratt. Spratt in 1870 agreed to sell and convey to Stevenson the
real estate in question, and failing to perform his agreement, Steven-
son commenced an action for specific performance and filed a *lis
pendens* April 29, 1871. On the 18th of May in that year, the
defendant Bowne recovered and duly docketed a judgment against
Spratt. Stevenson recovered judgment in his action on the 10th of
June, 1872, for $1,350. The referee to whom it was referred to
report as to the distribution of surplus money remaining from the
foreclosure sale after the payment of the mortgage, reported that
the judgment of Stevenson was a prior lien thereupon, and his report
was confirmed by the court. From the order confirming such report
this appeal is taken.

*H. Brewster,* for appellant.

*W. H. Peckham,* for respondent.

DANIELS, J. The respondent's judgment, directed to be paid as
a prior lien to the judgment recovered by the appellant out of the
surplus moneys arising from the foreclosure sale, was recovered as a
specific lien upon the fund. The action was brought to enforce the
specific performance of a contract for the conveyance of the prop-
erty, and a notice of *lis pendens* was properly filed in it, before the
appellant recovered his judgment. And, as the property was sold

under the foreclosure of a mortgage superior to the rights of either of these parties, the respondent recovered a judgment for the money he had paid upon his contract as a specific lien on the vendor's interest in the fund. This was equitable and just, because, by the contract, the vendor became, in effect, a trustee of the title for the vendee. The property was equitably his, so far as the purchase-price was paid, and to that extent, a judgment recovered against the vendor did not become a lien upon it. *Wilkes* v. *Harper*, 2 Barb. Ch. 339; *Matter of Howe*, 1 Paige, 125.

When the appellant recovered his judgment, it was subordinate to the action then pending in the respondent's favor. He had previously filed notice of the pendency of his action, which rendered it the duty of the appellant to take notice of the proceedings in it. Indeed, it operated as notice to the appellant, whose rights to proceed against the fund were all afterward acquired. By the judgment in the respondent's favor, so much of the fund as was necessary for that purpose, was appropriated to its payment. And, so far as the appellant was concerned, whose judgment simply became chargeable on the interest of his debtor, it took effect from the time the notice of the pendency of the action was filed.

It was, therefore, rightly held, that the respondent's specific lien upon the fund should be discharged before any thing could be paid to the appellant, who, at most, had but a general lien. And the judgment was evidence against the appellant of this priority, because he acquired his lien under the debtor and vendor, after the notice of the pendency of the action was filed. That was sufficient to conclude him by means of the respondent's judgment afterward recovered in the same action. Code, § 132; *Harrington* v. *Slade*, 22 Barb. 162–166.

But, by the judgment, the respondent was only entitled to be paid the amount recovered by him as a lien upon the fund. And that was the sum of $1,114.72, with interest from April 22, 1872, while the report of the referee, and the order confirming it, awarded him that amount, with interest from April 22, 1871. The order and the report should be modified so as to direct the amount to be paid, with interest from April 22, 1872, and, as so modified, affirmed without costs.

DAVIS, P. J., and BRADY, J., concurred.

*Ordered accordingly.*